# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Jesus Carvajal,

      Plaintiff

v.

Clark County, et al.,

      Defendants

Case No.: 2:20-cv-01482-JAD-BNW

**Order Granting Defendants' Summary-Judgment Motion; Granting Defendants' Motions to Dismiss; and Granting in part Plaintiff's Motion for Leave to Amend**

[ECF Nos. 11, 15, 26, 27, 40]

Jesus Carvajal sues a slew of police officers, detectives, municipal bodies, and attorneys for constitutional violations and torts stemming from his 2018 arrest.[1] The defendants varyingly seek summary judgment[2] and dismissal[3] of Carvajal's claims, arguing that (1) Carvajal failed to properly serve certain defendants; (2) many defendants are immune from suit; (3) certain claims are barred by statutes of limitation and Nevada's notice requirements; (4) his claims stem from an inadequately pled and factually belied judicial-deception theory; and (5) Carvajal fails to allege an unconstitutional policy or custom that might render the municipal entities liable for his injuries. Carvajal concedes some, though not all, of these arguments, and he seeks leave to file an amended complaint eliminating certain defendants and causes of action.[4]

While Carvajal presents two alleged constitutional violations—one predicated on judicial deception and the other on deprivation of property—neither adequately supports his claims. His first theory rests on inaccurate and immaterial facts; his second is inadequately pled. So I find

---

[1] ECF No. 7 (amended complaint).

[2] ECF No. 27.

[3] ECF No. 11, 15, 26.

[4] ECF No. 40.

that his alleged cascading, constitutional violations cannot survive the defendants' Federal Rule of Civil Procedure 56 and 12(b)(6) motions. I thus grant the defendants' summary-judgment motion and motions to dismiss, disposing of all claims. But because Carvajal could remedy some of his insufficiently pled claims, I grant in part his motion for leave to amend and permit him to amend his complaint to assert his deprivation-of-property and municipal-liability theories if he can plead true facts to remedy their deficiencies.

## Background[5]

In 2018, four Las Vegas sex workers reported being accosted, sexually assaulted, and extorted by a man pretending to be a police officer.[6] The women's accounts of the assailant were fairly uniform—the man was of Hispanic descent and average height, drove a small Dodge vehicle, and had a well-maintained beard.[7] They claimed that after forcing them to perform sexual acts in exchange for not arresting them, the man would give them his phone number and direct them to call him so that they could provide him with further information about Las Vegas's sex industry or to arrange additional meetings.[8] Las Vegas Metropolitan Police Department (LVMPD) detectives and officers—led by Eric Charaska and Opal Deeds—narrowed in on Carvajal as a suspect after some of the women identified him in a photo line-up,

---

[5] This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.

[6] ECF No. 7 at ¶¶ 22, 26, 29.

[7] *Id.* at ¶¶ 22–25, 27–28, 30–34.

[8] *Id.*

and detectives connected the suspect's number to Carvajal's residence, performed a stakeout, and discovered that he owned a Dodge Caliber.[9]

On August 8, 2018, Charaska and Deeds obtained a telephonic search warrant to arrest Carvajal and search his home by allegedly misrepresenting certain facts and eliding others to the judge.[10]  According to Carvajal, Charaska inaccurately reported that two victims positively identified Carvajal in the photo lineup "with 100% certainty" as a man named "Lee"[11] when, in truth, one of the victims was only 80% certain that Carvajal assaulted her, another did not identify Carvajal in the lineup, and the third never knew his name.[12]  He adds that Charaska failed to tell the judge that one victim—who had identified Carvajal with 100% certainty—also reported seeing the perpetrator looking for new victims, all while police were monitoring Carvajal at his residence miles away.[13]  Carvajal also claims that Charaska overstated the connection between Carvajal's residence, the suspect's phone number, two different Dodge vehicles, Carvajal, and his girlfriend: the phone number and one of the cars was associated with Carvajal's landlord and not Carvajal.[14]  Finally, Charaska apparently painted a misleading physical portrait of Carvajal in the warrant application, showing photos of Carvajal in paintball gear that made it appear as though he routinely carries police-issue weapons and body armor,

---

[9] *Id.* at ¶¶ 35–36, 38.

[10] *Id.* at ¶ 21.

[11] *Id.* at ¶¶ 48–51, 53.

[12] *Id.* at ¶¶ 48–51, 53, 60.

[13] *Id.* at ¶ 56.

[14] *Id.* at 57–60.

while failing to report that Carvajal is at least six inches taller than the assailant described by his victims.[15]

Carvajal's August 9th arrest received significant press attention and LVMPD published his image on its social-media webpage, describing his "sexual assault," "kidnapping," and "false impersonation of a Public Officer."[16]  As a result, he lost his job, his partner, his car, and his housing.[17]  But over the following months, it became increasingly clear that a different man had assaulted the victims and that the officers' basis for arresting Carvajal was tenuous.[18]  On October 22nd, LVMPD arrested a new suspect and the district attorney Steve Wolfson dropped the charges against Carvajal—although Wolfson refused to agree to seal Carvajal's criminal case until Carvajal agreed to withdraw his motion for attorneys' fees.[19]

So Carvajal sues police officers and detectives Charaska, Deeds, and Joseph Lombardo; attorneys Samuel Martinez and Wolfson; LVMPD; the Clark County District Attorney's Office (CCDA); Clark County; and the City of Las Vegas under § 1983 and *Monell v. Department of Social Services of City of New York*[20] for various constitutional violations related to his arrest, detention, and prosecution, as well as for defamation and negligent hiring, retention, supervision, and training.[21]  LVMPD moves to dismiss Carvajal's complaint, arguing that he fails to allege an unconstitutional policy or custom that might render it liable for the alleged conduct of its

---

[15] *Id.* at ¶¶ 61, 64–65.

[16] *Id.* at ¶¶ 79–80.

[17] *Id.* at ¶¶ 90.

[18] *Id.* at ¶¶ 84, 86.

[19] *Id.* at ¶¶ 87–89, 95.

[20] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[21] *See generally* ECF No. 7.  It does not appear that Carvajal has served Lombardo or the City.

employees and that his state-law claims are barred by the statute of limitations and insufficiently pled.[22]  The County, CCDA, and Wolfson separately move to dismiss Carvajal's claims, asserting that the district attorneys are immune from suit, and that he cannot state a claim against the office or county as a matter of law.[23]  Charaska and Deeds also move to dismiss and for summary judgment on Carvajal's claims, arguing that each constitutional violation hinges on a terminally inadequate judicial-deception theory of liability.[24]  Conceding that some of these arguments have merit, Carvajal seeks leave to file an amended complaint that would remedy certain pleading defects and eliminate some defendants.[25]

## Discussion

## I.   Motions to dismiss [ECF Nos. 11, 15, 26]

### A.   Improper service under Rule 4(m)

The defendants first seek dismissal of the claims against Charaska and Deeds under Rule 4(m), arguing that Carvajal inadequately served them.  Carvajal argues that his failure to timely serve the defendants was based on a technical deficiency caused by the remote-work conditions engendered by the COVID-19 pandemic; the defendants were on notice of the lawsuit; their counsel, who also represent the properly served LVMPD, received the complaint and summons; and the defendants have now been properly served.[26]  I exercise my discretion[27] and decline to

---

[22] ECF No. 11.

[23] ECF No. 15.

[24] ECF No. 26.

[25] ECF No. 40.  Carvajal is also advised to follow this court's local rules, which requires motions to be double-spaced, with no more than 28 lines per page.  L.R. IA 10-1(a)(1).  Carvajal's counsel's filings, *see, e.g.*, ECF No. 30, violate this rule.  Further violations of this court's rules will result in sanctions, which may include striking his briefing.

[26] ECF No. 31 at 10.

[27] *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

dismiss these defendants for untimely service under Rule 4(m).  Not only has Carvajal shown

good cause for his delayed service and that he would incur prejudice were I to dismiss his

complaint,[28] but the defendants have suffered no prejudice from his delay, they received actual

notice of the lawsuit, and they were eventually served.[29]

### B.     Carvajal's claims against the City, CCDA, Martinez, and Wolfson are dismissed.

The defendants argue that Carvajal's claims against CCDA, the City, and Martinez are

improper because the County, not CCDA, is the appropriate party for any claims against that

office and Martinez is shielded for his actions by absolute immunity.  They also argue that

Carvajal cannot state a claim for negligent hiring, training, and supervision.  Because Carvajal

agrees that these parties are improper and that he cannot state a negligent-hiring-training-and-

supervision claim,[30] I dismiss CCDA and Martinez from this case, as well as the claim for

negligent hiring, training, and supervision.  And I dismiss the City because, as Carvajal

concedes, the City cannot be held liable for LVMPD's actions.

I also dismiss Wolfson from this suit.  As best I can tell, Carvajal's amended complaint

indicates that he no longer alleges any claims against Wolfson.[31]  And while Carvajal discusses

at length Wolfson's conduct in negotiating the withdrawal of Carvajal's attorneys' fees motion,

describes his alleged complicity with the unconstitutional policies and customs of CCDA in the

---

[28] Fed. R. Civ. P. 4(m).

[29] *Efaw*, 473 F.3d at 1041 ("In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998))).

[30] ECF No. 40 at 3–4.

[31] *See* ECF No. 40-1.

*Monell* claim, and implies that he has committed some sort of extortion, Wolfson is not identified as a defendant in any of Carvajal's causes of action.[32]

## II.     Summary-judgment motion [ECF No. 27]

### A.     Legal standard

Charaska and Deeds move for summary judgment on Carvajal's claims under Rule 56. The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[33]  Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[34]  The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[35]  If the moving party satisfies its burden, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[36]  The court must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party.[37]  But the court may deny a motion for summary judgment "[i]f [the] nonmovant shows by affidavit or declaration that" "it cannot present facts essential to justify its opposition."[38]

---

[32] *See, e.g.*, *id.* at 67; ECF No. 21 at 8.  I consider the parties' remaining Rule 12(b)(6) argument in the context of Carvajal's motion for leave to amend.  *See infra* III.A.

[33] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[34] *See id.* at 322 (citing Fed. R. Civ. P. 56(c)).

[35] *Id.* at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[36] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes*, 67 F.3d 816, 819 (9th Cir. 1995).

[37] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[38] Fed. R. Civ. P. 56(d)(1).

### B.    Judicial-deception claims

Carvajal's full complement § 1983 claims against Charaska and Deeds hinge on a judicial-deception theory of liability, which posits that the defendants lacked probable cause to arrest Carvajal because they misled a judge to issue a warrant for his arrest, thus resulting in Carvajal's unlawful and unconstitutional arrest, detention, and prosecution.[39]  It has long been held that "judicial deception may not be employed to obtain a search warrant."[40]  "To maintain a false[-]arrest claim for judicial deception, a plaintiff must show that the officer who applied for the arrest warrant 'deliberately or recklessly made false statements or omissions that were material to the finding of probable cause.'"[41]  Once a substantial showing of "deliberate or reckless false statements and omissions" has been made, "'the question of intent or recklessness is a factual determination' that must be made by the trier of fact."[42]  To establish materiality, the plaintiff must demonstrate that the judge "would not have issued the warrant with false information redacted, or omitted information restored."[43]

In their motion for summary judgment, Charaska and Deeds challenge Carvajal's showing of judicial deception on two grounds: (1) Charaska did not misrepresent certain facts to the judge and (2) even had he made those misrepresentations, they were immaterial to the judge's probable-cause finding.  They back these arguments with citations to police records,

---

[39] *See Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011) ("[A] private party may bring a § 1983 claim for an arrest pursuant to an improperly issued arrest warrant.").

[40] *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)).

[41] *Smith*, 640 F.3d at 937 (quoting *KRL*, 384 F.3d at 1190).

[42] *Chism v. Washington State*, 661 F.3d 380, 387–88 (9th Cir. 2011).

[43] *Id.*

witness interviews, social-media photographs, and emails.[44]  Despite reciting Rule 56's

governing standards,[45] Carvajal declines to follow them, and he fails to provide evidence that

might refute the defendants' assertions or explain, in an affidavit, why the evidence needed to

refute those claims is unavailable or otherwise discoverable.  Instead, he frequently notes that

Charaska and Deeds's arguments are "proper on summary judgment."[46]  So I evaluate the

defendants' summary-judgment motion by considering its merits and determining whether it is

supported by the necessary evidentiary materials.[47]

### 1.  *Charaska misrepresented certain facts.*

Carvajal alleges that Charaska and Deeds's search-warrant application contained

misrepresentations and critical omissions that, collectively, unlawfully persuaded a judge to find

probable cause to arrest Carvajal.  Upon review of the complaint's allegations and the undisputed

facts presented by the defendants, I find that some, though not all, of these statements were

accurate.  First, Charaska accurately relayed to the issuing judge that two of the victims

identified Carvajal as the suspect with almost 100% certainty from a photo lineup.[48]  Second,

Charaska reported that multiple victims described the suspect as going by the name "Lee."[49]

Third, while Charaska did not explain the details behind how LVMPD connected "Lee's" phone

---

[44] *See* ECF Nos. 27-1, 27-2.

[45] ECF No. 31 at 3–4.

[46] *Id.* at 18 ("[T]he time to present proof disputing the facts alleged by Plaintiff is after discovery."); *id.* at 19 ("Defendants [sic] attempt to dispute the facts is proper for summary judgment.").

[47] *See, e.g.*, *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3rd Cir. 1990); *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).

[48] *See* ECF Nos. 7 ("Jacqueline Hodgson . . . identified Plaintiff with 100% certainty."); 27-1 at 2 ("I'm almost 100% sure that the photo I identify [sic] is the man . . . [signed] Alisha Williams.").

[49] *See* ECF No. 27 ("And honestly he gave me first name [sic] was Lee and then he gave me a different name.").

number to Carvajal's residence, he accurately reported where Carvajal lived, that the number was associated with the residence, and that Carvajal owned a Dodge Caliber, while another resident in his home owned a Dodge Challenger.[50]  He also accurately stated that both sets of cars could be mistaken for a Dodge Charger.[51]  Fourth, Charaska explained that social-media images showed Carvajal holding firearms and wearing police-style body armor.[52]  And finally, Charska failed to report that one key witness—who identified Carvajal as the suspect from a photo lineup—also saw the suspect pursuing other victims at a time when Carvajal was under police surveillance.[53]

However, disputes of fact remain over the accuracy of several statements in the arrest-warrant application.  First, there is a dispute about whether the photos of Carvajal with weapons presented to the judge were merely pictures of him with paintball guns or real weapons.[54]  There's also a dispute over whether one of the witnesses accurately identified Carvajal as driving a silver Dodge Charger, as opposed to a small, four-door car.[55]  And there's a dispute about whether Charaska was entirely forthcoming about the disparity between Carvajal's height and build, and the height of the suspect whom the witnesses described.[56]

---

[50] ECF No. 4-1 at 6–7.

[51] *Id.*

[52] ECF No. 27-2 at 2–5.

[53] ECF No. 7 at ¶ 55.  Charaska argues that he had not heard this witness's statement, but this goes to the issue of intent and not, as Charaska would have it, whether an omission occurred.

[54] *Compare* ECF Nos. 4-6 at 3–7, *with* 27-2 at 2–5.  Many of the images presented by each party are identical, so it is entirely unclear whether Carvajal's weapons are for paintball or not.

[55] ECF No. 4-1 at 5; ECF No. 7 at ¶ 62.

[56] ECF No. 27 at 8 (citing ECF No. 7 at ¶¶ 63, 65).  The defendants cite a portion of a witness's testimony likening the suspect's build to Charaska's, *see* ECF No. 27-1 at 23, but I see nothing in the record likening Charaska's build to Carvajal's—much less any testimony indicating that the witnesses uniformly described the suspect as "muscular," as opposed to "decent size," *id.* at 38.

Considering these facts and construing these disputes in Carvajal's favor, I find that Carvajal has adequately alleged misrepresentations and omissions in Charaska's warrant application. I also find that a "reasonable factfinder" could "conclude that the officers acted with at least a reckless disregard for the truth."[57] As the Ninth Circuit explained in *Chism v. Washington State*, where, as here, the misrepresentations in the application "all *bolster* the case for probable cause," a reasonable factfinder could determine that "the mistakes were not the product of mere negligence."[58] Each of Charaska's misrepresentations was designed to increase the perception that Carvajal was responsible for the sexual assaults, painting a clear portrait that associated the witnesses' accounts of the suspect with Carvajal, his home, and his car. It is certainly reasonable to conclude that Charaska's application "report[ed] less than the total story," so as to "manipulate the inferences a [judge] will draw" in determining probable cause.[59] So I decline to grant summary judgment on Carvajal's claims on the basis that he has insufficiently shown substantial misrepresentations in the warrant application that give rise to genuine issues of material fact.

### 2. *Those misrepresentations were immaterial to finding probable cause.*

While intent is a question of fact reserved for the jury, whether "the false statements and omissions were material" to "the probable[-]cause determination" is "a purely legal question" reserved for the judge.[60] As the Ninth Circuit clarified in *Chism*, a misrepresentation is material if the application, "once corrected and supplemented, would not have provided a magistrate

---

[57] *Chism*, 661 F.3d at 388 (citing *Butler v. Elle*, 281 F.3d 1014, 1025–26 (9th Cir. 2002)).

[58] *Id.*

[59] *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985).

[60] *Chism*, 661 F.3d at 388–89.

judge with a substantial basis for finding probable cause."[61]  Or, put another way, "[i]f an officer submitted false statements, the court purges those statements and determines whether what is left justifies the issuance of the warrant."[62]  The Supreme Court has declined to articulate a "neat set of legal rules" for evaluating probable cause, and instead directs judges to consider the "totality-of-the-circumstances" when deciding whether to issue a warrant.[63]

Under Ninth Circuit authority, a finding of probable cause "must be based on 'reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense.'"[64]  In *Ewing v. City of Stockton*, the Ninth Circuit found that certain misrepresentations in a warrant application were immaterial to the eventual probable-cause determination because the application centered on a citizen witness's reliable, positive identification of the suspect.[65]  So too in *Lombardi v. City of El Cajon*, where the court held that the omission of facts about two witnesses—namely, that they may have had a personal bias against defendant—were immaterial to the judge's probable-cause finding because those witnesses' identification of the suspect included detailed, personal observations of the crime.[66]  The Third Circuit has reasoned similarly, holding that "[w]hen a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause to

---

[61] *Id.* at 389.

[62] *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (citing *Baldwin v. Placer Cnty.*, 418 F.3d 966, 971 (9th Cir. 2005)).

[63] *Illinois v. Gates*, 462 U.S. 213, 230, 232 (1983).

[64] *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 938 (9th Cir. 2020) (quoting *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995)) (internal quotation marks omitted).

[65] *Ewing*, 588 F.3d at 1224.

[66] *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126–27 (9th Cir. 1997).

arrest."[67]  And in *Lallemand v. University of Rhode Island*, the First Circuit found that "discrepancies" concerning a suspect's "name, hair style, dormitory[,] and height" were "trivial" and immaterial to a probable-cause finding, given "their nature and the positive identification" of the suspect by the victim.[68]

Guided by this precedent, I find that the warrant application—stripped of Charaska's misrepresentations and supplemented with the omitted information—permits a finding of probable cause.  It is undisputed that two witnesses positively identified Carvajal in a photo lineup.  They gave detailed, reliable accounts of their interactions with the suspect; convincingly described his conduct; accurately and uniformly described his appearance and pseudonym; identified his phone number and the make of his vehicle; and pointed him out in a lineup.  Like the witnesses in *Ewing* and *Lallemand*, they are also to be "presumed credible by police"[69] because they were victims of the crime.  The officers independently verified portions of their accounts, linking the suspect's phone number to Carvajal's residence, determining that he owned a vehicle of the same manufacture as the suspect's, and that a second, similar vehicle, was also associated with the residence.  They also uncovered social-media photographs of him holding weapons and wearing body armor.

The misrepresentations and omissions upon which Carvajal dwells do not change my analysis, and he offers no reason to deviate from the guidance provided by the *Ewing*, *Lallemand*, and *Lombardi* courts.  While I give some weight to the fact that a victim witness says

[67] *Carson v. Aurand*, 837 F. App'x. 121, 123 (3d Cir. 2020) (unpublished) (citing *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007)).

[68] *Lallemand v. University of R.I.*, 9 F.3d 214, 217 (1st Cir. 1993).

[69] *Ewing*, 588 F.3d at 1225 (quoting *United States v. Blount*, 123 F.3d 831, 835 (5th Cir. 1997)) (internal quotation marks omitted).

she saw the suspect at a time when it could not be Carvajal, that does not negate the two positive identifications of Carvajal in the photo lineup. And, like the "trivial" quibbling over the suspect's height and build in *Lallemand*, I cannot find that details about whether Carvajal was sufficiently "muscular" would have swayed a finding of probable cause. Nor can I find that the judge's probable-cause determination would have changed if she were to have learned that Carvajal's weapons were for paintball; based on the photos, they still give the impression that Carvajal possessed weapons and body armor that might be used to impersonate an officer. Finally, even were the judge to be made aware of the full details about the connection between the suspect's phone number and Carvajal's residence, it would not negate the fact that Carvajal lives in the house associated with that phone number or that he drives a Dodge. So I find, based on the undisputed facts construed in the light most favorable to Carvajal, that the misrepresentations and omissions contained in the application were immaterial to the finding of probable cause. Thus, Carvajal does not and cannot state a judicial-deception claim against Charaska or Deeds, and they are entitled to summary judgment on any theory of liability predicated on the absence of probable cause for Carvajal's arrest.

### C. The failure of the judicial-deception theory dooms Carvajal's claims for unlawful-entry, search, seizure, arrest, and imprisonment; malicious-prosecution; and his deprivation-of-liberty claim under the Fourteenth Amendment.

Because of the failure of Carvajal's judicial-deception theory, I must enter summary judgment in favor of Charaska and Deeds on Carvajal's § 1983 claims—including his causes of action for unlawful entry, search, and seizure; false arrest and imprisonment; malicious prosecution; and procedural due-process claims related to a deprivation-of-liberty theory. Each of those causes of action turns on a lack of probable cause, thanks to the defendants' alleged (1)

misrepresentations to the judge who issued the arrest warrant; and (2) continued reliance on the arrest report, which supposedly contained material inaccuracies.[70] Because I have found that there was probable cause to arrest Carvajal and these misrepresentations were immaterial, these claims against Charaska and Deeds fail.[71] So I grant summary judgment in favor of Charaska and Deeds on Carvajal's first, second, third, and fourth (with respect to the deprivation-of-liberty theory) causes of action.

## III. Motion for leave to amend [ECF No. 40]

What remains are Carvajal's claims under *Monell* against LVMPD and the County, and his claims for deprivation of property and defamation. Conceding that certain of his claims are inadequately pled, Carvajal moves to amend his complaint "to correct facts" and "deficiencies" identified by the defendants, as well as "remove[] claims and parties."[72] Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he courts should freely give leave [to amend]

---

[70] *See* ECF No. 7 at ¶¶ 109 ("A claim for unlawful arrest or imprisonment is cognizable under § 1983 . . . provided the arrest was without probable cause."); 116 (same); 121 ("Defendant . . . had possession of the Arrest Report and was aware that the report stated [misrepresentations]."); 129–30 ("In Nevada, the elements of malicious prosecution are "(1) want of probable cause to initiate the prior criminal proceeding . . . . Defendants . . . initiated criminal proceedings against Plaintiff without probable cause."); 141–42 ("The due process clause of the Fourteenth Amendment protects individuals against governmental deprivations . . . . Defendants . . . initiated criminal proceedings against Plaintiff without probable cause.").

[71] *Forster v. Cnty. of Santa Barbara*, 896 F.2d 1146, 1147–48 (9th Cir. 1990) (reasoning that a determination of whether an officer is liable for false arrest turns on "whether the warrant was valid" and "whether the police officer's reliance on the warrant was nonetheless objectively reasonable"); *Baker v. McCollan*, 443 U.S. 137, 142–45 (1979) (noting that a claim for wrongful detention absent a cognizable claim for wrongful arrest will not ordinarily state an independent claim under § 1983); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) ("A malicious prosecution claim requires, inter alia, a lack of probable cause."); *Bretz v. Kelman*, 773 F.2d 1026, 1030–31 (9th Cir. 1985) ("An incorrect arrest does not provide grounds for a claim of deprivation of liberty without due process if the arrest was made pursuant to a valid warrant based upon probable cause." (citing *Baker*, 443 U.S. at 143–45)).

[72] ECF No. 40 at 2.

when justice so requires."[73]  In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) whether the plaintiff has previously amended the complaint, and (5) futility of amendment.[74] The factors do not weigh equally—"[f]utility alone can justify denial of a motion to amend"[75] and, among the other factors, the Ninth Circuit apportions the greatest weight to potential prejudice.[76]  Absent futility, a factually supported showing of prejudice, or a heavy influence of the other factors, there is a strong presumption in favor of permitting amendment.[77]  In opposing his motion, the County, LVMPD, Charaska, and Deeds focus their attention on Carvajal's bad faith, undue delay, and the futility of amendment.

## A.    Futility

The defendants maintain that Carvajal does not and cannot state a claim as a matter of law, warranting dismissal of his entire suit.  An amended complaint is futile "where [it] would be subject to dismissal" under Rule 12(b)(6).[78]  Under that standard, the court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[79]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[80]  The court must then consider whether the well-pled

---

[73] *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[74] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

[75] *Id.*

[76] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[77] *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987)).

[78] *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

[79] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[80] *Id.*

factual allegations state a plausible claim for relief.[81]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[82]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[83]

Echoing their initial Rule 12(b)(6) and 56 motions, LVMPD, Charaska, and Deeds argue that amendment would be futile because Carvajal's procedural due-process claims are inadequately pled; Carvajal fails to allege an unconstitutional policy or custom that might support his claims against the LVMPD or the County under *Monell v. Department of Social Services of City of New York*; and Nevada's claims-notice statute, Nevada Revised Statute § 41.036(2), bars his defamation claim against LVMPD.  For its part, the County reiterates that Carvajal cannot state a *Monell* claim that might render the County liable for the conduct alleged.

### 1. *Deprivation-of-property claim*

Because the officers had probable cause to arrest Carvajal, his Fourteenth Amendment claim is now exclusively tethered to a single act: impounding and auctioning off his vehicle.  "A procedural due-process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."[84] "Exclusive reliance on the Fourth Amendment," as opposed to the due-process clause, "is appropriate in the arrest context" because "the Amendment was 'tailored explicitly for the

---

[81] *Id.* at 679.

[82] *Id.*

[83] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[84] *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

criminal justice system.'"[85]  The Ninth Circuit has long held that "when seizing property for criminal[-]investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process."[86]  Based on the allegations in the amended complaint, it is entirely unclear whether and how the impounding of Carvajal's vehicle, or its eventual sale, violated the Fourth Amendment.  It is also unclear who was responsible for the car's disposal.  But because those pleadings defects could be remedied, I grant Carvajal leave to amend his complaint to allege a Fourth Amendment violation related to the improper disposal of his vehicle.

### 2.  *Monell* claims against Clark County and LVMPD

Municipal bodies are not liable under § 1983 unless they themselves "cause[] the constitutional violation at issue."[87]  In *Monell*, the Supreme Court held that liability extends to local governing and administrative agencies only when the constitutional violation was the result of its policy, practice, or custom, or a decision-making official directed or ratified the complained-of conduct.[88]  So Carvajal must show that the policy or lack thereof caused his injury to succeed on a *Monell* claim.[89]  But because (1) Carvajal cannot state a constitutional violation based on his judicial-deception theory and (2) has failed to state a constitutional violation based on his vehicle-impounding theory, there is no constitutional violation that could support his *Monell* claim.  I find that this pleading deficit might be remedied, however, and I grant Carvajal leave to amend his *Monell*-based claims against the County and LVMPD.

---

[85] *United States v. James Daniel Good Real Prop.*, 510 U.S. 50 (1993).

[86] *Sanders v. City of San Diego*, 93 F.3d 1423, 1429 (9th Cir. 1996).

[87] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

[88] *Monell*, 436 U.S. at 690.

[89] *Bd. of Cnty. Comm'rs Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997).

18

### 3. *Defamation claim and NRS § 41.036(2)*

LVMPD argues that Carvajal's defamation claim is time-barred because he failed to comply with Nevada's notice-requirement statute. Under NRS § 41.036(2), any "person who has a claim against any political subdivision of the [s]tate arising out of a tort must file the claim within two years after the time the cause of action accrues with the governing body of that political subdivision."[90] Carvajal does not challenge the constitutionality[91] of this statute and admits that he failed to provide actual notice of his claim within the two-year period to LVMPD.[92] But he asserts that LVMPD's constructive notice of his claims satisfies the statute's requirements.

Carvajal's arguments find little support in controlling or persuasive precedent. While the Nevada Supreme Court has authored few opinions interpreting § 41.036(2), it has consistently held that statutes setting forth explicit time restrictions are generally mandatory and that substantial compliance with those statutes will not suffice—particularly when the statute, as here,

---

[90] Nev. Rev. Stat. § 41.036(2).

[91] In *Jiminez v. State* and *Turner v. Staggs*, the Nevada Supreme Court held that an earlier version of NRS § 41.036(2) was unconstitutional because it "had the effect of arbitrarily dividing all tort-feasors into classes of tort-feasors: (1) private tort-feasors to whom no notice of claim is owed and (2) governmental tort-feasors to whom notice is owed." *Turner v. Staggs*, 510 P.2d 879, 881 (Nev. 1973); *Jiminez v. State*, 98 Nev. 204, 206 (Nev. 1982) ("That decision invalidated the notice of claims provision of NRS [§] 41.036."). In *Hatrim v. Las Vegas Metropolitan Police Department* and *Zaic v. Las Vegas Metropolitan Police Department*, two judges in this district reasoned that the amended version of the claims-notice statute is constitutional because it deals with a waiver of sovereignty, has a rational basis to support its notice requirement, eliminated the required notice of a claim as a condition precedent to filing suit, and broadened the required notice from "six months of the accrual of the incident" to "two years." *Hatrim v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-00003, 2011 WL 2690148, at *3 (D. Nev. Jul. 11, 2011); *see also Zaic v. Las Vegas Metro. Police Dep't*, No. 2:10-cv-01814, 2011 WL 884335, at *3–4 (D. Nev. Mar. 11, 2011).

[92] Carvajal's claim accrued on August 8, 2018, but he did not serve his complaint on LVMPD until October 23, 2020. *See* ECF Nos. 1, 10-2 at 2.

does not include a "built-in grace period or safety[-]valve provision."[93]  And multiple courts in this district have dismissed state-tort claims against municipalities when the plaintiff fails to timely and directly notify a municipal body of his claim.  For example, in *James v. City of Henderson*, a district court judge determined that a plaintiff's timely filing, but untimely service, of the complaint was insufficient notice under § 41.036(2).[94]  And in *Semper v. Las Vegas Metropolitan Police Department*, another judge reasoned that a plaintiff's press conference about its lawsuit was insufficient to provide notice, despite evidence that LVMPD saw and was questioned about news of the action.[95]  So too in *Hatrim v. Las Vegas Metropolitan Police Department*, where the district court judge reasoned even more forcefully, concluding that "substantial compliance does not suffice" with the requirements of § 41.036(2) and dismissing plaintiff's timely filed, but untimely served, complaint.[96]

　　　　Here, Carvajal cites no facts in his complaint or amended pleading indicating that he gave timely notice to LVMPD that he planned to bring or had brought a defamation claim.  Instead, he argues that LVMPD had notice of his wrongful arrest because it arrested a new defendant; his attorneys' fees motion noted that LVMPD knew it was "clearly prosecuting the wrong suspect;" and he sought to seal his criminal records, thus "providing sufficient notice of claims alleged herein."[97]  But none of these arguments shows that LVMPD was on notice of Carvajal's

---

[93] *Leven v. Frey*, 168 P.3d 712, 717–18 (Nev. 2007); *Vill. League to Save Incline Assets, Inc. v. State ex rel. Bd. of Equalization*, 194 P.3d 1254, 1259–60 (Nev. 2008).

[94] *James v. City of Henderson*, No. 2:19-cv-1207, 2020 WL 5775752, at *5 (D. Nev. Sept. 28, 2020).

[95] *Semper v. Las Vegas Metro. Police Dep't*, No. 2:20-cv-1875, 2021 WL 1342525, at *5 (D. Nev. Apr. 9, 2021).

[96] *Hatrim*, 2011 WL 2690148, at *2–3.

[97] ECF No. 17 at 5–6.

defamation claim—they merely indicate that Carvajal believed he had been wrongfully arrested. As the purpose of § 41.036(2) is to "prevent the state" from "being surprised by claims it has not yet had time to consider administratively,"[98] I cannot find that Carvajal satisfied its requirements solely by complaining of his wrongful arrest. So I follow the reasoning of other judges in this district and dismiss Carvajal's defamation claim with prejudice as time-barred.

In sum, I find that amendment would be futile for Carvajal's claims for unlawful search and seizure, false arrest and imprisonment, malicious prosecution, deprivation of liberty, and defamation. But Carvajal might yet state an unconstitutional deprivation-of-property and resulting *Monell* claim, so I decline to hold that amendment would be entirely futile.

## B. Undue delay and dilatory motive

Absent complete futility or prejudice, the defendants must make a "strong showing" of undue delay and dilatory motive to rebut the "presumption under Rule 15(a) in favor of granting leave to amend."[99] "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."[100] And bad faith or dilatory motive may be established by actions demonstrating gamesmanship, such as when a plaintiff "seek[s] to add a defendant 'to destroy diversity and to destroy the jurisdiction of this court.'"[101] But when a plaintiff can provide "a satisfactory explanation" for

---

[98] *State ex rel. Welfare Div. of Dep't of Health, Welfare, and Rehab. v. Cap. Convalescent Ctr.*, 547 P.2d 677, 680 (Nev. 1976).

[99] *Eminence Cap. LLC*, 316 F.3d at 1052.

[100] *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).

[101] *DCD Programs, Ltd.*, 833 F.2d at 187.

its delay, and there is "no evidence in the record [that] would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend" on the basis of bad faith or undue delay.[102]

The defendants have failed to make this "strong showing," and I see no reason to deny Carvajal's motion to amend because of undue delay or dilatory motive. "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend;"[103] Carvajal's motion is well within the parties' stipulated scheduling deadline to seek amendment; discovery is stayed; and Carvajal discovered relevant, material facts and law between filing his first amended complaint and seeking leave to amend. And while Carvajal does include many inflammatory facts—impugning the integrity of the County and LVMPD, as well as its officers and employees—those facts do not evince bad faith. Finally, as I discussed supra, Carvajal may still manage to allege facts to support two of his causes of action. So I grant in part Carvajal's motion for leave to amend.

**Conclusion**

IT IS THEREFORE ORDERED that Charaska and Deeds's motion for summary judgment **[ECF No. 27] is GRANTED.** Charaska and Deeds are entitled to summary judgment on Carvajal's § 1983 claims stemming from a judicial-deception theory of liability, which includes his claims for unlawful entry and search, false arrest and imprisonment, malicious prosecution, and deprivation of liberty. IT IS FURTHER ORDERED that those claims, to the extent they are pled against other defendants, are **dismissed with prejudice**.

---

[102] *Id.*

[103] *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

IT IS FURTHER ORDERED that LVMPD's, Clark County's, the District Attorney's Office's, Wolfson's, Charaska's, and Deeds's motions to dismiss **[ECF Nos. 11, 15, 26] are GRANTED:**

- Carvajal's claims for defamation and negligent hiring, retention, supervision, and training are **dismissed with prejudice.**

- Carvajal's claims against defendants City of Las Vegas, the district attorney's office, Martinez, and Wolfson are **dismissed.**

- Carvajal's deprivation-of-property and *Monell*-based claims are **dismissed without prejudice and with leave to amend.**

IT IS FURTHER ORDERED that Carvajal's motion for leave to amend the complaint **[ECF No. 40] is GRANTED IN PART. Carvajal may file an amended complaint alleging a deprivation-of-property and *Monell*-based claim, consistent with this order, by June 2, 2021.** I also direct him to clearly identify the defendants against whom he asserts each cause of action. If he fails to file an amended pleading, Carvajal's claims will be deemed abandoned and dismissed and this case will be closed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 12, 2021